UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA JACKSON**, <br><br> Plaintiff, <br><br> v. <br><br> **JOANN ALOE**, <br><br> Defendant. | 2:20-cv-12918-TGB-CI <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER UNDER FORUM NON CONVENIENS (ECF NO. 4)** |

In this personal injury case, Plaintiff Amanda Jackson alleges that her landlord, Defendant Joann Aloe, failed to adequately manage the premises, allowing an "unreasonable accumulation of ice and water" outside her front steps, where Jackson slipped and fell and sustained two serious fractures. ECF No. 1, PageID.3.

Now pending before the Court is Defendant's motion to dismiss pursuant to 12(b)(6) or transfer under *forum non conveniens*. ECF No. 4. In particular, Defendant contends that a valid forum-selection clause governs this dispute and that the case should be transferred to Oakland County Circuit Court. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff entered into a residential lease with Defendant for a single-family home on May 29, 2019. The lease included a clause which provided: "The parties agree that the proper venue for any legal action arriving here shall be in Oakland County, Michigan." ECF No. 5-1, PageID.25. On February 22, 2020, Plaintiff was injured when she slipped and fell on ice and water while exiting the front door of the rental property. According to Plaintiff, the "ice was created by the dangerous pitch of the sidewalk which allowed drainage from the adjoining property as well as from the roof area of the rental house," and was in violation of the City of Novi Building Code. ECF No. 6, PageID.29. Moreover, Plaintiff alleges that Defendant failed to comply with her statutory duty under Mich. Comp. Law § 554.139(1)(a) to maintain safe premises.

In lieu of an answer to Plaintiff's Complaint, Defendant filed a motion to dismiss pursuant to 12(b)(6), or alternatively to transfer under *forum non conveniens*.

## II. LEGAL STANDARD

The doctrine of *forum non conveniens* is codified under 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Generally, a district court considering a motion brought pursuant to § 1404(a) would "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (quoting 28 U.S.C. 1404(a)). However, when there is a valid

forum selection clause, the approach to evaluating motions for *forum non conveniens* is altered in three primary ways:

> First, the forum selection clause preempts the plaintiff's venue privilege, so that "the plaintiff's choice of forum merits no weight." Second, because the parties made their choice of forum in their contract in advance of the dispute, the private interest factors are irrelevant to the analysis, because they "must [be] deem[ed] ... to weigh entirely in favor of the preselected forum." Third, a court considering a forum selection clause must focus its analysis solely on the public interest factors, but "those factors will rarely defeat a transfer motion."

*Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*, 122 F. Supp. 3d 683, 691 (E.D. Mich. 2015) (quoting *Atl. Marine Const. Co.*, 122 F.Supp.39 at 581) (internal citations omitted).

"While the Sixth Circuit has held that the presence of a valid forum selection clause by itself is not dispositive and must be weighed against the other factors enumerated in § 1404(a), in practice a valid and enforceable forum selection clause 'will almost always control.'" *Great Lakes Tower, LLC v. Cameron Wire & Cable, Inc.*, No. 2:20-CV-11014-TGB, 2020 WL 6685104, at *3 (E.D. Mich. Nov. 12, 2020) (quoting *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 370 (6th Cir. 2008)). *See also Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) ("The Supreme Court has stated that in light of present-day commercial realities, a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside."). In deciding whether to enforce a forum selection

clause, courts must consider: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). The party opposing the forum selection clause carries the burden of demonstrating why it should not be enforced. *Id.*

"[F]ederal courts construing forum selection clauses apply federal common law, not the state law of the state in which the federal court sits." *679637 Ontario Ltd. v. Alpine Sign & Printer Supply, Inc.*, 218 F. Supp. 3d 572, 576 (E.D. Mich. 2016) (referencing *Wong*, 589 F.3d 821, 828 (6th Cir. 2009). Under federal common law, forum selection clauses should be interpreted by reference to ordinary contract principles, which require the courts to first look to the plain language of the contract. *Id.*

### III.     ANALYSIS

Defendant argues that the Court should dismiss this case under the doctrine of *forum non conveniens* because a valid, mandatory forum-selection clause was entered into by the parties as part of the contractual lease. In particular, Defendant argues that the proper venue for the dispute is Oakland County, Michigan and, because "[t]here are no Federal District Courts in Oakland County, Michigan," the matter should be heard in either the circuit or district courts of Oakland County. ECF

No. 4, PageID.11. Plaintiff, however, asserts that the lease does not contain a forum selection clause, but rather a venue selection clause. ECF No. 6, PageID.34. Plaintiff alleges that under Mich. Comp. Laws 600.5704, the proper venue for this landlord-tenant dispute is the Eastern District of Michigan—which is the district court in the geographic area that the rental property is located in.

As with any question of contract interpretation, the Court begins with the language of the forum selection clause itself, which states: "The parties agree that the proper venue for any legal action arriving here shall be in Oakland County, Michigan." ECF No. 5-1, PageID.25. Contrary to Defendant's arguments, this clause does not "select" any particular forum. The plain language of the clause provides no reference to any specific court, nor does it specify a jurisdiction. It says the parties agree that "proper venue for any legal action" is "in Oakland County, Michigan." *See Intelligent Bus. Innovations, LLC v. All. Computing, Inc.*, No. 16-CV-11862, 2016 WL 4524722, at *4 (E.D. Mich. Aug. 29, 2016) (holding that a provision of a contract was not a mandatory forum selection clause when it did not specify a venue at all, but only referred broadly to Orange County, Florida). Rather, the clause refers broadly to a geographic region where multiple courts are situated. *Id*. ("While presumably there are state and federal courts situated in [the geographic region], no venue is mentioned in the clause.").

Additionally, in line with the interpretation of the majority of the courts of appeals, the language of the clause does not restrict the parties to litigate the issues only in state court. As discussed in detail in *Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*, "when a forum selection clause refers to the courts "of" a state, then venue will be proper only in state court, and the filing of an action in or removal to a federal court—even one located within the same state—would be improper." 122 F. Supp. 3d 683, 687 (E.D. Mich. 2015). But, a "forum selection clause referring to 'courts in' a state imposes a geographic limitation, not one of sovereignty. The word 'in' means to 'express relation of presence, existence, situation, inclusion; [e]nclosed or surrounded by limits, as in a room.' Hence the phrase 'courts in' a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state." *Id.* (quoting *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir. 2011) (citations and quotation marks omitted).

Here, the clause at issue provides that the "proper venue for any legal action arriving here shall be *in* Oakland County, Michigan." ECF No. 5-1, PageID.25 (emphasis added). This language does not represent an express agreement to limit the forum to Michigan state courts located in Oakland County. Instead, a plain reading of the language indicates that the limitations are only geographical.

This is similar to the forum selection clause at issue in *679637 Ontario Ltd. v. Alpine Sign & Printer Supply, Inc.*, 218 F. Supp. 3d 572, 577 (E.D. Mich. 2016). In *679637 Ontario Ltd*, the forum selection clause (which was arguably more detailed than in this case) in a sales agreement stated that the proper venue for any lawsuits arising under the contract was any "Michigan District or Circuit Court with venue in Ingham County, Michigan." *Id*. at 577. The district court in *Ontario Limited* determined that it was not required to transfer the case out of the Eastern District of Michigan because the clause at issue did "not refer to courts 'of' any region or sovereign, and it ma[de] no mention of any 'exclusive' commitment to adjudicate disputes in any particular place or category of courts." *Id. Cf. Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*, 122 F. Supp. 3d 683, 689 (E.D. Mich. 2015) (interpreting the language, "the courts *of* Wayne County, State of Michigan, shall possess exclusive jurisdiction over any actions to enforce or construe this agreement," as a plain agreement to limit the forum to Michigan state courts located in Wayne County) (emphasis added).

Similarly here, because "the clause does not refer to courts 'of' any region or sovereign," the language of the forum selection clause does not require this dispute be litigated *only* in Michigan state courts located in Oakland County, Michigan. *679637 Ontario Ltd.*, 218 F. Supp. 3d 572 at 577. *See also Quicken Loans Inc. v. RE/MAX, LLC*, 216 F. Supp. 3d 828,

834 (E.D. Mich. 2016). Accordingly, the language of the forum selection clause does not require this Court to dismiss or transfer the case.

It is also clear that this district is not an inconvenient forum for this lawsuit, so as to justify transfer generally under Section 1404(a) to Oakland County. Federal judges in Michigan are familiar with Michigan law and travel within the state is not unnecessarily burdensome to the parties. *See Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 724 (6th Cir. 2006). Defendant raises no public interest concerns that would impact the integrity or fairness of these proceedings and therefore fails to provide sufficient evidence to justify dismissal or transfer of this venue.

## CONCLUSION

For these reasons, Defendant's motion to dismiss pursuant to 12(b)(6) or to transfer under *forum non conveniens* (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 14, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE